IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHAZIZZ MATEEN | § | |
| | § | |
| V. | § | A-20-CV-1192-RP |
| | § | |
| BASTROP COUNTY SHERIFF, | § | |
| et al. | § | |

**ORDER**

Before the Court is Petitioner's petition for writ of habeas corpus (ECF #1). Also before the Court is Petitioner's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF #4). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis in a habeas corpus action. For the reasons set forth below, the undersigned finds that Petitioner's petition for writ of habeas corpus should dismissed without prejudice for want of jurisdiction and Petitioner's civil rights complaint should be severed from this action and opened as a new cause.

**I. STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

Petitioner is currently confined in the Bastrop County Jail awaiting trial in Fayette County, Texas. Petitioner has been indicted on the following charges:

1. failing to register as a sex offender (No. 2018R-138);

2. aggravated assault against a public servant, for allegedly shooting Fayette County Deputy Sheriff C.J. Lehmann with a firearm when the deputy was attempting to arrest Plaintiff for an outstanding warrant for his failure to register as a sex offender (No. 2018R-212);

3. aggravated assault against a public servant, for allegedly cutting LaGrange Police Officer Justin Koehne with a knife when the officer was attempting to arrest Plaintiff for the outstanding warrant (No. 2018R-213); and

    4. four counts of aggravated assault against a public servant, for allegedly pointing a firearm or shooting at other officers when they were attempting to arrest him on the outstanding warrant (No. 2018R-214).

Petitioner was previously convicted in Galveston County of burglary of a habitation with the intent to commit sexual assault. This is the conviction Petitioner challenges in his petition for writ of habeas corpus. Petitioner argues his plea of no contest was involuntary and he was actually innocent of the crime.

Petitioner admits he discharged his five-year sentence for his burglary conviction. However, as a result of the conviction, Petitioner is required to register as a sex offender for the rest of his life. Petitioner denies he is a sex offender.

## II.  DISCUSSION AND ANALYSIS

**A.**     **Discharged Sentence**

A district court has jurisdiction to consider a collateral attack of a state conviction only if the § 2254 petitioner is "in custody" under the conviction or sentence he seeks to challenge at the time he files the application. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). If the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the "in custody" requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition. *Id.* at 492; *see also Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001) ("once a state conviction is no longer open to direct or collateral attack in its own right ... the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence on the ground that the prior conviction was unconstitutionally obtained").

A requirement to register as a sex offender does not render a person "in custody" for purposes of habeas corpus. *Sullivan v. Stephens*, 582 Fed. App'x 375 (5th Cir. 2014) (citing *Calhoun v. Att'y Gen.*, 745 F.3d 1070, 1074 (10th Cir. 2014); *Wilson v. Flaherty*, 689 F.3d 332, 336–38 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 717–20 (7th Cir. 2008); *Leslie v. Randle*, 296 F.3d 518, 521–23 (6th Cir. 2002); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999); *Willliamson v. Gregoire*, 151 F.3d 1180, 1183–84 (9th Cir. 1998)).

Petitioner discharged his five-year sentence for burglary of a habitation with intent to commit sexual assault. The requirement that Petitioner must register as a sex offender does not render him in custody for purposes of challenging his burglary conviction. Therefore, the Court lacks jurisdiction over Petitioner's challenge to his conviction.

**B.     Civil Rights Complaint**

Perhaps aware of the defect in his habeas corpus proceeding, Petitioner attempted to amend his petition by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint Petitioner seeks $1 million from each defendant for wrongful imprisonment and malicious prosecution and $2 million for intentional infliction of emotional distress since 1999, presumably the date of his arrest.

Because the procedural requirements for filing a civil rights complaint vary substantially from the procedural requirements for filing a habeas corpus petition, the Court will direct the Clerk of Court to open a new action for the civil rights complaint.

### III.  CONCLUSION

Because Petitioner has already discharged his sentence for his burglary conviction and the requirement that Petitioner must register as a sex offender does not render him in custody for

purposes of challenging his burglary conviction, the Court lacks jurisdiction over his petition for writ of habeas corpus. Petitioner's civil rights complaint, purportedly filed as an amended petition, is severed from this action and will be opened in a new cause.

It is therefore **ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and a certificate of appealability is **DENIED**.

It is further **ORDERED** that Petitioner's civil rights complaint (ECF # 4) shall be severed from this action and the Clerk of Court shall open a new civil case. In the new civil case the Clerk of Court shall file Petitioner's original petition for writ of habeas corpus (ECF #1) as a supplement to Petitioner's civil rights complaint and shall file his application for leave to proceed in forma pauperis (ECF #3).

**SIGNED** on January 26, 2021.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE